NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ABDULLAH ROBERT BROWN, | : | |
| | : | Civil No. 14-457 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| JT SHARTLE, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Abdullah Robert Brown, *Pro Se*
42463-054
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

Elizabeth A. Pascal
Assistant United States Attorney
Camden Federal Building and U.S. Courthouse
401 Market Street
Camden, NJ 08101
Attorney for Respondent

**SIMANDLE, Chief Judge**

Abdullah Robert Brown ("Petitioner"), an inmate incarcerated at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Docket Item 1), and a Motion for Summary Judgment (Docket Item 7). Respondent answered the

Petition, but did not oppose the Motion. For the following reasons, this Court dismisses the Petition and the Motion.[1]

## BACKGROUND

Under 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act of 2007, Pub. L. No. 110-199, April 9, 2008 ("the Second Chance Act"), "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community corrections facility."

According to the petition, Petitioner received a 240-month sentence after conviction in the United States District Court, Southern District of New York. Petitioner states that his projected release date is July 13, 2016. (Petition, Docket Item 1, "Statement of Facts"). However, the record provided by Respondent shows Petitioner's projected release date as August 6, 2016 (Declaration of Melissa Smith, "Smith Decl." Ex. 1), and notes that Petitioner's

---

[1] This Court notes that Petitioner did not submit the $5.00 filing fee for filing of a habeas petition; however, he applied to proceed *in forma pauperis* with his Petition (Docket Item 1-1). Based on Petitioner's affidavit and institutional account statement, this Court will grant the application to proceed *in forma pauperis*.

conviction was for Conspiracy to Commit Murder, in violation of 18 U.S.C. § 1959(a)(5).[2]

In his Petition, Petitioner argues that he should be immediately considered for a Residential Re-Entry Center ("RRC") placement or home confinement. Respondent argues that the claim in the Petition is not ripe for review.

## DISCUSSION

### A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485–486 (3d Cir. 2001). This Court has subject matter jurisdiction under § 2241 to consider the instant petition because Petitioner was incarcerated in New Jersey when he filed the petition, and he challenges the denial of early release on federal grounds. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241–44 (3d Cir. 2005); *Barden v. Keohane*, 921 F.2d 476, 478–

---

[2] Petitioner concedes in his Motion for Summary Judgment that his projected release date is August 6, 2016 (Docket Item 7, p. 5).

79 (3d Cir. 1990). Moreover, if the Bureau of Prisons ("BOP") incorrectly determined his eligibility for early release, this error carries a potential for a miscarriage of justice that can be corrected through habeas corpus. *See Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Barden*, 921 F.2d at 479.

**B.   The Petition Must Be Dismissed.**

It is well-established that the Second Chance Act does not guarantee a one-year RRC placement, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence. *See Wilson v. Strada*, 474 F. App'x 46, 48-49 (3d Cir. Apr. 9, 2012); *see also Travers v. Federal Bureau of Prisons*, 2009 WL 4508585 (D.N.J. Nov. 30, 2009) (Hillman, J.) (finding that "... nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than the 120-150 days already approved. These pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons . . . .").

It is also well-established that prisoners have no constitutional right to be assigned to a particular institution, facility, or rehabilitative program. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-26 (1976); *Wilkerson v. Samuels*, 524 F. App'x 776, 778 (3d Cir. 2013)(*per curiam*). Nor do prisoners have a liberty interest in a vested right

4

to reduction of their sentences by means of placement into a RRC: the decision is statutorily reserved to the BOP's discretion. *Cf. Magnin v. Beeler*, 110 F. Supp.2d 338, 340 n.2 (D.N.J. 2000). The statutory or ensuing regulatory enactments merely created an entitlement protected by the Due Process Clause, *i.e.*, these provisions merely protect Petitioner's expectation to be evaluated for such placement. *Cf. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (addressing the right to parole consideration); *see also Board of Pardons v. Allen*, 482 U.S. 369 (1987); *Prevard v. Fauver*, 47 F. Supp.2d 539, 545 (D.N.J.), *aff'd*, 202 F.3d 254 (3d Cir. 1999). Correspondingly, Petitioner has no vested right in either being evaluated for RRC placement on a certain date or in being placed in a RRC on a certain date: rather, he has a right to be evaluated, generally, and to be placed in a RRC if the BOP concludes, upon due evaluation, that Petitioner shall be so placed.

    According to BOP policy, "Bureau staff must review inmates for pre-release RRC placements <u>earlier</u> than provided in P[rogram] S[tatement] 7310.04. Specifically, inmates must now be reviewed for pre-release RRC placements **17-19 months** before their projected release dates." (BOP Memo dated April 14, 2008, attached to Smith Decl. at Ex. 2)(emphasis in original). *See also* Smith Decl. at Exs. 3, 4.

Here, Respondent argues that at the time Petitioner filed this petition on January 17, 2014, he had not yet been evaluated for a RRC placement because he was not yet 17-19 months away from his August 6, 2016 release date (Answer, p. 6, Smith Decl. at ¶ 6, Ex. 6).

Petitioner filed an Inmate Request to his Unit Team seeking placement in an RRC, work release, or home confinement on February 11, 2014. Petitioner sought relief through the BOP Administrative Review Process. The National Inmate Appeals Board reviewed Petitioner's request, and stated that a program review would be held on or before February 25, 2014. (Smith Decl. at ¶ 5, Ex. 5). As a result of that directive, a review was performed by the Unit Team on February 21, 2014, wherein Petitioner was informed that home confinement was not an appropriate placement because of his Greatest Severity Public Safety Factor and his lack of confirmed employment after his release (Smith Decl. at ¶ 9, Ex. 6). Also, RRC placement was found to be inappropriate and premature. Petitioner was informed that the Unit Team would re-evaluate Petitioner's placement and time frame for RRC placement at the appropriate time, and denied his request (Smith Decl. at ¶ 10, Ex. 6).[3]

---

[3] This Court notes that during the February 21, 2014 program review, the following factors were considered in formulating an RRC start date for Petitioner: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the offender; (4) any statement of the court that imposed the sentence; (5) any pertinent policy statement issued by the U.S. Sentencing Commission; (6) the inmate's

In the Answer, Respondent argues that, "Because the Unit Team has neither considered Petitioner for an RRC placement based on his projected release date nor finalized a decision on Petitioner's eligibility for home confinement, there is nothing for the Court to review. Accordingly, the petition is premature, and it must be dismissed." (Answer, p. 9).

Indeed, the Court of Appeals for the Third Circuit has affirmed a factually similar case in *Porter-Bey v. Bledsoe*, 456 F. App'x 109 (3d Cir. 2012)(*per curiam*), cited by Respondent. In *Porter-Bey* the Court of Appeals held:

> Courts enforce Article III's case-or-controversy requirement through several justiciability doctrines, one of which is ripeness. "The ripeness doctrine determines 'whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" A claim is not ripe for adjudication if it rests on some contingent future event.
>
> Porter may resort to federal habeas corpus to challenge a decision to exclude him from release to a RRC, *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243–44 (3d Cir. 2005), but the record in his case establishes, just as the District Court concluded, that neither a final decision nor a final recommendation has been made. Porter does not dispute that he has not received his final placement decision, and that he has not yet been referred to the appropriate Community Case Manager for RRC placement. Porter also does not contend that the Unit Team's October, 2010 recommendation is, in practical

---

resources; and (7) the inmate's appropriateness for direct home confinement. However, the Unit Team's result of "0 days at this time" was attributed to the fact that Petitioner wasn't close enough to his release date for review. (Smith Decl. at ¶ 7, Ex. 6).

> effect, the BOP's final word on the subject. Porter's habeas corpus petition thus is not ripe for judicial review.

*Porter-Bey*, 456 F. App'x at 110-11 (internal citations omitted). Likewise, in this case, Petitioner's claim is not ripe for review and his petition must be dismissed.

Petitioner argues in his Motion for Summary Judgment (Docket Item 7) that 18 U.S.C. § 3621(b) "does not constrain the B.O.P. from considering inmates to be placed in CCC for the duration of your sentence, [and] I am being deprived of my liberty of interest . . . ." (Motion, p. 5). However, as stated, *infra*, Petitioner does not have a liberty interested in assignment to community-based programs. *See, e.g., Powell v. Weiss*, 757 F.3d 338, 343 (3d Cir. 2014) (finding that "Powell did not have an independent due process liberty interest in his prerelease status and associated transfer [to a CCC].")

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, is hereby dismissed as premature. His Motion for Summary Judgment will also be dismissed.

An appropriate Order accompanies this Opinion.

                                  **s/ Jerome B. Simandle**
                                  JEROME B. SIMANDLE, Chief Judge
                                  United States District Court

Dated: **November 5, 2014**